BERNARD BENOIT *vs.* JOHN BRILL, Administrator, &c.

It is a settled principle, that exceptions may be filed in the probate court after the bringing in of the report by the auditors. *Smith* v. *Hurd,* 8 S. & M. 682, cited and confirmed.

An order of the probate court, referring an account and appointing auditors, does not require an oath to be administered for the due performance of the duties.

The statute is perfectly silent on the subject, and we cannot add or impose a duty which the law does not, and which the character of the transaction does not imperatively require.

The account, as presented by the auditors, was open to exceptions on the part of the administrator and distributee, and the judge should have proceeded to correct the account, if erroneous in any of its charges or omissions to charge; and it was competent, if necessary, for him to receive other evidence than that before the auditors.

The auditors in this case seem to have acted with diligence and impartiality, and no sufficient reason is given why the report was rejected. *Held,* that the court is not to be understood as intimating an opinion that the account, as stated and reported, should have been confirmed; but the probate judge erred in rejecting it.

In error from the probate court of Harrison county.

The facts of the case are sufficiently contained in the opinion of the court.

*D. W. Hurst*, for plaintiff in error.

Mr. Chief Justice SMITH delivered the opinion of the court.

At the February term, 1847, of the court of probate for Harrison county, John Brill, administrator of Bernard Benoit, deceased, presented his final account as such administrator for settlement and allowance. This account was objected to by Bernard Benoit, Jr., the distributee of said decedent's estate; whereupon auditors were appointed to restate the same. At the August term of said court, the auditors, T. J. Humphries and M. G. Standard, made their report. The account stated by them between said Brill and his intestate's estate, showed a balance against the former of $79.13. No exceptions were taken to the account stated by the auditors, until it came up for allowance by the judge of probates, when exceptions were allowed to be filed; and this constitutes the first ground of objection to the decree of the court.

It is now settled, that exceptions may be filed in court after the bringing in of the report by the auditors. *Smith* v. *Hurd et al.*, 8 S. & M. 682. There is, therefore, nothing in this exception.

Upon the presentation of the account stated by the auditors, the administrator excepted, and assigned several grounds, one only of which it will be necessary to notice, as the order of the court in rejecting the entire account appears to have been based exclusively upon it. This objection is, that the auditors to whom the account of the administrator had been referred, were not sworn, as, it is alleged, they were required to be by law.

The order of the probate court, referring the account and appointing the auditors, does not require an oath to be administered to them, for a due performance of their duties. The statute is perfectly silent on the subject; and we cannot add a condition or impose a duty which the law does not, and which the character of the transaction does not imperatively require. The objection, then, was one upon which the court was not of necessity bound to reject the account as stated and returned into court by the auditors. This account was open to exceptions on the part of the administrator as well as the distributee,

and the judge should have proceeded to correct the account, if erroneous in any of its charges or omissions to charge. The correctness of the decisions of the auditors could have been tested by the evidence taken before them, and reported with the account stated; or it was competent for the judge, upon the hearing of the exceptions, to have received additional testimony. However broad the authority of the judge of probate may be over this subject, it should be limited by the principles of a sound discretion. The vouchers produced by the administrator, and the evidence taken before them, appear to have been fully reported by the referees. They appear to have acted with diligence and impartiality, and no sufficient reason is shown why the whole report was rejected. We are not to be understood as intimating an opinion that the account, as stated and reported, should have been confirmed; but we think the court erred in rejecting it. For this error alone we reverse the decree, and remand the case; the court below to proceed with the account reported by Humphries and Standard, allowing to either party the privilege of any exceptions to the charges and omissions contained in the account, which they think proper to present; with the right to offer any additional legal evidence which they may deem necessary.